# The City of Joliet

v.

# Susan M. Walker.

1. Cities—Duty as to sidewalks.—A city is only bound to use reasonable care and diligence in keeping its sidewalks in a reasonably safe condition.

2. Negligence—Notice of defect—Questions for the jury.—In actions against municipal corporations for injuries occasioned by their neglect to keep sidewalks in proper repair, the question of negligence on the part of the municipality, and whether or not the officers of the city had notice of the defect, are matters that should be left entirely to the jury, under proper instructions from the court.

3. Knowledge of defect, as notice.—If the defect in the sidewalk was of such a nature, taken in connection with all the other facts and circumstances in evidence, as not to cause a reasonably prudent man, whose business it was to look after the repairs of the street, to suspect its dangerous condition; or if it would not. in view of all the circumstances, put him upon inquiry to examine its condition, then there would not be notice.

4. INSTRUCTIONS SHOULD BE CONSISTENT. — The giving of correct instructions on the part of the defendant, does not, under the circumstances in this case, cure the defect of erroneous instructions given on the part of the plaintiff.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed December 4, 1880.

Messrs. GARNSEY & KNOX and Mr. E. MEERS, for appellant; that the city is bound only to the exercise of reasonable care, cited Dillon on Municipal Corporations, § 790; Mangam v. Brooklyn R. R. Co. 38 N. Y. 455; City of Aurora v. Pulfer, 56 Ill. 270; City of Centralia v. Krouse, 64 Ill. 19; Chicago v. Bixby, 84 Ill. 85; Town of Grayville v. Whittaker, 85 Ill. 441.

Not only must the existence of the defect be known, but its dangerous character must be visible and notorious, to charge the city with presumptive notice: Chicago v. McCarthy, 75 Ill. 602; Dewey v. Detroit, 15 Mich. 312; Donlon v. Clinton, 33 Iowa, 397; Hume v. Mayor, etc. 47 N. Y. 646; Prindle v. Fletcher, 39 Vt. 225; Goodenough v. Oshkosh, 24 Wis. 549; Chicago v. Murphy, 84 Ill. 224.

Notice to a policeman would not be notice to the city: Seward v. Joliet, 86 Ill. 402; Dillon on Municipal Corporations, § 773,

If the sidewalk as originally built was not defective, notice to the city of its defective condition must be proved: Chicago v. Langlass, 66 Ill. 361.

Mr. GEORGE S. HOUSE, for appellee; as to the duty of a city in respect of its sidewalks, cited City of Quincy. v. Barker, 81 Ill. 300; City of Aurora v. Pulfer, 56 Ill. 270; City of Aurora v. Dale, 90 Ill. 46.

Where the defect has existed for a long time, notice will be presumed: City of Aurora v. Hillman, 90 Ill. 61; Chicago v. Fowler, 60 Ill. 322.

LACEY, P. J. The appellee sued appellant to recover for injuries which she claimed to have received by reason of fall-

Joliet v. Walker.

ing through the sidewalk in the City of Joliet which, as she alleges, the appellant through negligence failed to keep in repair.

The accident happened in front of No. 20 Jefferson street, one of the most public thoroughfares in the city, August 9, 1879.

The sidewalk at this point is covered with flag-stone about four to six feet wide, and from six to eight inches thick, and some eight to twelve feet long, reaching across the full width of the sidewalk. The wall of the building is one support, the ends of the stone being set in and on the outer side the stone is supported by the wall on the street or curbstone wall, and by another wall a foot or so thick, in the center; thus the sidewalk stone had three supports.

It appears that the stone had been cracked across the center near where the center wall supported it. There was an excavation under the walk eight or nine feet deep. This crack showed an aperture of an eighth to one-half inch wide. The appellee had resided in the city for some time, and was a widow lady, keeping boarders.

About dusk, on the evening of the 9th of August, 1879, appellee, while walking along this sidewalk with a friend of hers — Miss Reynolds — fell through, together with her friend, and both were severely injured. The half of the stone next to the outer wall where they were standing gave way, and both were thrown to the bottom of the excavation.

Upon examination of the stone, it was found to have been broken off over the center wall, not resting on that wall much more than one-half inch. The evidence shows that it had been so broken for some time. The appellee had no knowledge of the existence of this break in the stone.

It is claimed, on the part of the appellant, that it is not liable, for the reason that it had no notice, either actual or constructive, of the existence of the defect in the sidewalk. That if the evidence showed such a state of case, that they were chargeable with knowledge of the existence of the crack in the stone, yet the appearance of it would not be sufficient to notify them that it was dangerous, or needed repairs. That from see-

ing the crack in the stone, a reasonably prudent person would not be led to infer that it was unsafe; that the natural inference would be that, while the stone was cracked across the center, it being over the center wall would have plenty of support, and it would need no repair. On the other hand, it was claimed that the defect had existed for so long a time the city was chargeable with constructive notice of both the defect, and of its dangerous nature, and of actual notice through the street commissioner. That with proper diligence on the part of the city authorities, they must have discovered the defect, and therefore must be held to notice.

The question of notice and negligence on the part of appellant as well as appellee, was a question entirely for the jury to decide, under proper instructions from the court. The instructions given on the part of the appellant were full and complete, in announcing all the propositions of law for which it contends, with the exception of the one that announces the doctrine that notice to a policeman of defects in the sidewalk was not notice to appellant, which under the evidence is not important. In fact, appellant's instructions given were more numerous than the nature of the case required. Only a few plain and concise propositions were necessary to announce all the propositions of law applicable to the case. More than that only tends to confuse the minds of the jury, and the court did not err in refusing the appellant's instructions embodying the same propositions in another form. The appellant assigns for error the giving of appellee's eighth and ninth instructions, the first of which announces to the jury, in substance, that appellant was "liable in damages for injuries received by reason of the sidewalk being out of repair;" and that even though the appellant had no actual knowledge of the unsafe condition of the sidewalk in question, still it was their duty to know its condition, and to see it was safe to pedestrians, and neglect in this respect will render the city liable for injuries occasioned thereby."

This instruction ignores the question of notice entirely, and announces the doctrine that even if the appellant had no actual notice, it was its duty to keep the sidewalk in repair. This is

Joliet v. Walker.

equivalent to telling the jury that notice was of no importance. It was still, the instruction says, their duty to know its condition, and see that it was safe for pedestrians, and neglect in this respect will render the city liable for injuries occasioned thereby.

Besides ignoring the question of notice, the instruction is erroneous in holding appellant was bound to keep the sidewalk safe for pedestrians, instead of reasonably safe, as the law only requires. The appellant is only bound to use reasonable care and diligence in keeping the sidewalk in a reasonably safe condition. City of Chicago v. Bixby, 84 Ill. 85.

The other instruction, number nine, tells the jury that "if Timothy O'Brien, while street commissioner, learned of the existence of the fracture in the stone of the sidewalk complained of, then such fracture constitutes actual knowledge of the break in the stone, and it then becomes the duty of the appellant to see to it that said sidewalk was repaired, and rendered reasonably safe for all persons passing on or over the same, and from injury resulting from such neglect (if the jury believe from the evidence injury did result from such neglect) the defendant would be liable."

This instruction is erroneous in assuming that the break in the stone was of such a character as to notify the appellant that the sidewalk was in an unsafe condition.

If this crack was of such a nature, taken in connection with all the other facts and circumstances in evidence, as not to cause a reasonably prudent man, whose business it was to look after the repairs of the street, to suspect there was danger on account of the crack in the stone, or if it would not under such circumstances put such a man on his inquiry to further examine the condition of the sidewalk and stone to see if it were reasonably safe, the appellant being held to knowledge of the original construction of the sidewalk, then there would not be notice. The instruction invaded the province of the jury; it was for them to decide from all the facts and circumstances in evidence, including actual knowledge of the crack in the stone by the street commissioner, whether he was chargeable with either actual or constructive notice. If he were not, the appellant would not be.

The court did, however, give proper instructions on the part of appellant, announcing the law correctly, and in direct opposition to the last two named instructions. This cannot cure the error in giving the eighth and ninth instructions for appellee. The jury may have taken for their guide these instructions instead of those given for the appellant. If they accepted the eighth instruction as the law they need not pass on the question of notice at all. The appellant was bound to keep the sidewalk safe, at all events, and negligence in not doing so would render it liable. We cannot clearly see that these instructions have done appellant no harm in the estimation of the jury. They were left at liberty to act as they chose. The proof of notice is not so clear and positive that we can see that it with safety may be ignored or assumed as proper. If we could see this, then we could safely say the instructions could do no harm. The instructions should all be accurate and consistent with each other.

For the above reasons, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.